**Order entered April 11, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00244-CV

**MES PARTNERS, INC., ET AL., Appellants**

**V.**

**DAVID LANTZ, ET AL., Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-01584**

## ORDER

On March 31, 2022, a two-volume clerk's record was filed. Volume two was filed under seal and contains: (1) Plaintiffs' Response to Motion on Choice of Law and (2) Declaration of Megan C. McKennon in Support of Plaintiffs' Response to Motion on Choice of Law. The record before the Court does not contain a sealing order with regard to these two documents.

Under Texas Rule of Civil Procedure 76a, court records are generally presumed to be open to the general public and may be sealed only upon motion and

if certain conditions are met. *See* TEX. R. CIV. P. 76a. Among those conditions are that the movant must provide public notice, the trial court must hold a hearing on the motion in open court as soon as practicable, and the trial court must issue an order that complies with the requirements of rule 76a(6). *See id.* 76a(3), (4) & (6). The trial court may issue a temporary sealing order in certain circumstances, but any temporary order must set the time for the required open court hearing and direct the movant to immediately give the public notice regarding the open court hearing. *See id.* 76a(5).

There is currently no authority for any portion of the clerk's record to be filed under seal. Accordingly, the sealed volume of the clerk's record shall remain under seal for **FORTY DAYS** to allow the parties to obtain an order that complies with the requirements of Rule 76a from the trial court that permanently seals the two documents contained in the sealed clerk's record. *See* TEX. R. CIV. P. 76a. Alternatively, if the parties prefer, they can file redacted documents to protect sensitive information. *See* TEX. R. APP. P. 9.9.

The parties shall provide, within **FORTY DAYS** of the date of this order, written verification whether the trial court signed a sealing order pertaining to the two documents currently filed under seal. If the trial court does not sign a sealing order within the time prescribed, the Court will order the sealed clerk's record unsealed.

If the trial court signs a sealing order, we **ORDER** Dallas County District Clerk Felicia Pitre to file, within **FORTY-FIVE DAYS** of the date of this order, a supplemental clerk's record containing the sealing order.

On April 7, 2022, a seven-volume reporter's record was filed. Exhibits Volumes five and seven were filed under seal. A temporary sealing order that is viewable on the trial court's website temporarily seals forty-three exhibits that were admitted at the temporary injunction hearing. In accordance with rule 76a(4), the hearing on the motion to permanently seal these exhibits is scheduled for April 13, 2022. *See* TEX. R. CIV. P. 76a(4). Accordingly, we further **ORDER** Ms. Pitre to file, within **FIFTEEN DAYS** of the date of this order, a supplemental clerk's record containing the trial court's signed order on the motion to permanently seal the exhibits currently filed under seal. If a supplemental clerk's record containing an order permanently sealing the exhibits is not filed within the time prescribed, the Court will order volumes five and seven of the reporter's record unsealed.

We **DIRECT** the Clerk of this Court to send a copy of this order to the Honorable Dale Tillery, Presiding Judge of the 134th Judicial District Court; Ms. Pitre; Tina Thompson, Official Court Reporter for the 134th Judicial District Court; and, the parties.

/s/ KEN MOLBERG
JUSTICE